**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**ESTHER SALAS**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

January 21, 2025

**LETTER MEMORANDUM**

Re:   *United States of America v. Maurice J. Harris*,
      <u>Criminal Action No. 18-0629 (ES)</u>

Dear Parties:

Before the Court is defendant Maurice J. Harris's ("Defendant") *pro se* motion for reduction of sentence under 18 U.S.C. § 3582(c), as amended by the First Step Act. (D.E. No. 37 ("Motion" or "Mot.")). On December 20, 2024, the Government filed an opposition. (D.E. No. 48 ("Opp. Br.")). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed. R. Crim. P. 43(b)(4); *United States v. Styer*, 573 F.3d 151, 154 (3d Cir. 2009); *see also* L. Civ. R. 78.1(b); L. Crim. R. 1.1. For the following reasons, Defendant's Motion is **DENIED**.

**I.   BACKGROUND**

On March 27, 2019, Defendant pleaded guilty to a one-count indictment charging him as a felon in possession of an illegal firearm in violation of 18 U.S.C. § 922(g)(1). (D.E. No. 26 & D.E. No. 27 at 1 & 7). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agreed that a sentence of 84 months' imprisonment was reasonable under 18 U.S.C. § 3553(a), and that neither party would argue for a sentence above or below 84 months' imprisonment. (D.E. No. 27 at 8). On December 18, 2019, the day of sentencing, the Court noted that Defendant had a criminal history category of 6 and an offense level of 25, which provided a Sentencing Guidelines range between 110 to 120 months' imprisonment. (D.E. No. 36 (Sentencing Transcript ("Sent. Tr.") at 7:18–23)). Pursuant to the terms of the plea agreement, the Court sentenced Defendant to 84 months' imprisonment and three years of supervised release. (D.E. Nos. 31 & 32; *see also* Sent. Tr. at 32:21–33:3). Defendant is currently serving his sentence at FCI Coleman Medium. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Jan. 21, 2025) (Bureau of Prison ("BOP") Register Number 71804-050). His projected release date is April 10, 2025. (*Id.*).

Defendant moves *pro se* for a reduction of sentence under 18 U.S.C. § 3582. (Mot. at 1).[1] The Government opposes the Motion. (*See generally* Opp. Br.). As of today, Defendant has not submitted a supplemental submission or reply brief; nor has he sought an extension despite having ample opportunity and time to do so. (D.E. Nos. 38 & 40).

## II.   LEGAL STANDARD

"The First Step Act empowers criminal defendants to request compassionate release for 'extraordinary and compelling reasons.'" *United States v. Raia*, 954 F.3d 594, 595 (3d Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The statute provides in relevant part:

> (c) Modification of an imposed term of imprisonment. The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>>
>> [. . .]
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1).

"Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking

---

[1] Although Defendant noted that he simultaneously requested assistance from counsel (Mot. at 1), the Federal Public Defender's Office declined to represent Defendant in connection with the instant Motion. (D.E. No. 38). Furthermore, there is no constitutional or statutory right to appointed counsel in Section 3582(c) proceedings.

judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *United States v. Sellers*, No. 10-0434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)); *see also Raia*, 954 F.3d at 595. At the second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) if, after finding that extraordinary and compelling reasons warrant a reduction, such a reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and that the applicable sentencing factors under § 3553(a) warrant a reduction. *United States v. Pabon*, 458 F. Supp. 3d 296, 300 (E.D. Pa. 2020); *see also United States v. Castillo*, No. 12-0230, 2024 WL 453608, at *3 (E.D. Pa. Feb. 5, 2024) ("Only if a defendant's circumstances qualify as 'extraordinary and compelling' will the court look to Section 3553(a) factors to determine whether, at the court's discretion, a sentence reduction is warranted." (citing 18 U.S.C. § 3582(c)(1)(A))).

In April 2023, the Sentencing Commission introduced changes to the requirements and definitions contained in Section 3582, as well as the Guidelines' Policy Statements regarding matters to be considered in evaluating motions of this kind. More specifically, Amendment 814, effective November 1, 2023,

> expands and modifies the categories of "extraordinary and compelling reasons" that may warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), as follows: (1) additional "Medical Circumstances" subcategories; (2) modified Family Circumstances category; (3) new "Victim of Abuse" category; (4) modified "Other Reasons" category; and (5) new "Unusually Long Sentence" category.

*Castillo*, 2024 WL 453608, at *3 (citing United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13(b) (Nov. 1, 2023)). In addition, "Amendment 814 to the Sentencing Guidelines now revises U.S.S.G. § 1B1.13 and makes the Commission's compassionate release policy statement binding [on courts]" rather than merely advisory. *Id.* "Notwithstanding these most recent changes, [d]istrict courts wield considerable discretion in compassionate-release cases." *United States v. McAdams*, No. 09-0737, 2024 WL 863380, at *3 (D.N.J. Feb. 29, 2024) (internal quotation marks omitted) (citing cases).

### III. ANALYSIS

Defendant's motion for compassionate release, consisting of a single paragraph, notes that at the time of his submission he had served over 60% of his sentence and had been incarcerated during the entire COVID-19 pandemic. (Mot. at 1). He further states that he is a diabetic and previously contracted COVID-19, which was "the worst experience of [his] life second to getting shot." (*Id.*). For these reasons, Defendant seeks a sentence reduction.

The Government opposes Defendant's Motion on multiple grounds. **First**, the Government argues that Defendant's failure to exhaust his administrative remedies is sufficient, standing alone, to deny Defendant's Motion. (Opp. Br. at 5–6). **Second**, the Government contends that Defendant's non-terminal medical conditions, including diabetes, are well-managed and thus do

not arise to the level of extraordinary circumstances to justify a sentence reduction. (*Id.* at 6). In addition, the Government maintains Defendant does not have any condition that prevents him from providing selfcare while incarcerated; nor does he require long-term care or specialized treatment. (*Id.* at 7). **Third**, the Government believes that to the extent Defendant objects to the quality of care he has received in BOP custody, he may properly raise such issues via an established administrative process for inmate complaints. (*Id.*). **Fourth**, even if Defendant's risk of contracting COVID-19 is elevated from his diabetes, the Government asserts it cannot form the basis of a sentence reduction. (*Id.* at 8). **Finally**, the Government notes that the sentencing factors under 18 U.S.C. § 3553(a) do not warrant Defendant's requested relief. (*Id.* at 8–9). For the reasons set forth below, the Court agrees with the Government and denies Defendant's Motion.

As a preliminary matter, Defendant does not appear to have exhausted his administrative remedies in compliance with 18 U.S.C. § 3582(c). *See United States v. Caraballo*, No. 14-0255, 2022 WL 60697, at *2 (D.N.J. Jan. 6, 2022) ("'[S]trict compliance' with the exhaustion requirement . . . is critical."), *aff'd*, 2022 WL 3754618 (3d. Cir. Aug. 30, 2022). This failure alone warrants dismissal of Defendant's Motion. *See, e.g.*, *United States v. Rashid*, No. 20-2840, 2023 WL 1813598, at *2 (3d Cir. Feb. 8, 2023) (citing *Raia*, 954 F.3d at 596–97). The Court will nonetheless consider the merits of Defendant's arguments pursuant to Section 3582(c)(1).

Next, as reflected above, the "extraordinary and compelling reasons" Defendant sets forth in support of his motion fall under the "Medical Circumstances" category. The Sentencing Commission provides, in relevant part, that extraordinary and compelling reasons may exist regarding the medical circumstances of the defendant when:

> (B) The defendant is—
>
> > (i) suffering from a serious physical or medical condition,
> >
> > (ii) suffering from a serious functional or cognitive impairment, or
> >
> > (iii) experiencing deteriorating physical or mental health because of the aging process,
> >
> > > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

        (D)  The defendant presents the following circumstances—

            (i)    the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

            (ii)   due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

            (iii)  such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(B)–(D).

      Here, Defendant has not presented any evidence reflecting that his diabetes—or any other medical condition—has not been well-managed while in BOP custody. (*See generally* Mot.). To the contrary, it appears Defendant has had chronic care medical visits and has received diabetes counseling. (D.E. No. 48-1 (Defendant's medical records) at 64).[2] Nor has Defendant set forth any argument or information showing that he cannot provide self-care while in BOP custody from a deteriorating physical or mental health condition related to the aging process from which he is not expected to recover. (*See generally* Mot.). Furthermore, a review of the Defendant's medical records does not indicate that he has an illness from which he will not recover that substantially diminishes his ability to provide self-care within a correctional environment. (*See generally* D.E. No. 48-1).

      Thus, no extraordinary and compelling reason for compassionate release exists on the grounds that Defendant is impaired in his ability to care for himself while in prison. *See, e.g.*, *United States v. McAdams*, No. 09-0737, 2024 WL 863380, at *3 (D.N.J. Feb. 29, 2024) (denying motion for compassionate release based on medical reasons where, other than his personal account of events and conclusory statements, the defendant did not provide the court with any supporting information to show that he was suffering from a "serious physical or medical condition"; a "serious functional [ ] impairment"; or, "deteriorating physical [ ] health because of the aging process, that substantially diminishes [his] ability to provide self-care within the environment of a correctional facility and from which he [ ] is not expected to recover"); *United States v. Newman*, No. 22-0031, 2024 WL 812041, at *1 (S.D. Ga. Feb. 27, 2024) (denying motion for compassionate

---

[2] All pin citations to Docket Entry Number 48-1 are to the pagination automatically generated by the Court's CM/ECF System.

release based on medical reasons where defendant did not present evidence that any illness substantially diminished his ability for self-care).

Although Defendant contracted the COVID-19 virus, his medical records submitted by the Government indicate that he has fully recovered. (*See* D.E. No. 48-1 at 17 & 166). Moreover, Defendant's medical records reflect that he received two COVID-19 vaccinations, which mitigates against the risk of serious illness or death from the virus notwithstanding his diabetes and other health conditions. (*Id.* at 111); *see, e.g.*, *United States v. Hannigan*, No. 19-0373, 2022 WL 815449, at *15 (E.D. Pa. Mar. 17, 2022) (noting that vaccination against COVID-19 lessens the risk of serious illness or death from the virus, such that COVID-19 does not constitute an extraordinary and compelling reason for compassionate release even when a defendant has pre-existing medical conditions).[3] In addition, Defendant did not indicate whether he became ill during an ongoing outbreak of the COVID-19 virus at FCI Coleman Medium; nor has he, since filing his Motion, provided any update as to the status of his health or virus outbreaks at his facility. (*See generally* Mot.). Lastly, as of today, the Federal Correctional Facility Camp on which FCI Coleman Medium sits reported no open cases of the COVID-19 virus across its facilities. *See Inmate COVID-19 Data*, Federal Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp#alltimeCovidDemographics (last visited Jan. 21, 2025); *see also United States v. Ingram*, No. 10-0069, 2024 WL 1056027, at *5 (W.D.N.C. Mar. 11, 2024) (denying motion for compassionate release founded on COVID-19 concerns because the federal government ended the national state of emergency related to COVID-19 and there were only 6 reported cases of COVID-19 at defendant's facility).

For these reasons, the bout of COVID-19 Defendant suffered and recovered from notwithstanding his underlying health conditions does not justify a sentence reduction. *See United States v. Stewart*, 86 F.4th 532, 536 (3d Cir. 2023) ("Our decision in *United States v. Raia* makes clear that 'the mere existence of COVID-19 in society . . . cannot independently justify compassionate release'" and noting that "such a claim is unlikely to succeed in the current state of milder infections and fewer hospitalizations and deaths" (quoting 954 F.3d 594, 597 (3d Cir. 2020))).

Moreover, even if Defendant presented viable reasons in support of a sentence reduction, Defendant's Motion would not succeed based on consideration of the factors under 18 U.S.C. § 3553(a). Section 3553(a) directs the Court to impose a sentence that is sufficient, but not greater than necessary, to further the purposes of sentencing, i.e., the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, and protect the public. 18 U.S.C. § 3553(a)(1) and (a)(2)(A)–(D). Additionally, the Court must consider, *inter alia*, the nature and circumstances of the offense and the defendant's history and characteristics. *Id.* § 3553(a)(1).

---

[3]  *See also United States v. Cutler*, No. 93-0536, 2022 WL 16695109, at *3 (D.N.J. Nov. 3, 2022) (collecting cases and explaining that "courts have consistently found that although an inmate may be at heightened risk from COVID-19 due to hypertension, diabetes, obesity, or some combination of the three, that is insufficient, without more, to constitute an 'extraordinary and compelling' reason warranting compassionate release").

Relevant here, notwithstanding the circumstances that led Defendant to possessing a firearm and the Defendant's Rule 11(c)(1)(C) plea, the Court emphasized the severity of the offense during sentencing, stating that "felons cannot possess weapons" and simply "having [a firearm] leads to violence." (Sent. Tr. at 23:18–21). The Court also expressed its desire to promote respect for the law, particularly in light of Defendant's robust criminal history, which included dealing drugs and stealing cars. (*Id.* at 24:5–15). In terms of specific deterrence, the Court cautioned that Defendant "c[ould] slip into the old ways . . . of finding money and dealing drugs." (*Id.* at 24:16–21). Thus, notwithstanding Defendant's difficult upbringing and the presence of mitigating facts, including any rehabilitation Defendant has exhibited since his incarceration in 2018, the Section 3553(a) factors, on balance, weigh against a sentence reduction. Accordingly, even if the Court exercised its discretion to find an extraordinary and compelling reason for a sentence reduction, the Court's concerns under the Section 3553(a) factors have not changed since sentencing.

### IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion (D.E. No. 37) is **DENIED**. The Clerk of Court shall mail a copy of this Letter Memorandum to Defendant by regular U.S. mail.

*s/ Esther Salas*
**Esther Salas, U.S.D.J.**